# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTOINE ALPHONSE, JR.,

    Petitioner,

v.                                         Case No. 21-CV-877

MILWAUKEE COUNTY SHERIFF OFFICE,

    Respondent.

## RECOMMENDATION

Antoine Alphonse, Jr. is in the custody of the Milwaukee County Sheriff awaiting trial in Milwaukee County Case Number 2020CF003163, *State of Wisconsin vs. Antoine Alphonse, Jr*. He filed a petition for a writ of habeas corpus under 28 U.S.C. 2241 alleging "violation of 90-day speedy-trial," due process, and cruel and unusual punishment. (ECF No. 1 at 6.) He states that the delay is attributable to a federal hold. The court notes that Alphonse was convicted of unlawful possession of ammunition in case number 11-CR-231 and sentenced to 36 months in prison and 3 years of supervised release. Alphonse was on bond for an alleged violation of his supervised release when he allegedly committed the homicide, armed robberies, and other offenses that led to the charges in the pending Milwaukee County Case.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Alphonse's "violation of 90-day speedy-trial" claim relates to the right to a speedy trial codified under Wis. Stat. § 971.10.

"Federal habeas corpus relief does not lie for errors of state law." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Tatum v. Meisner*, No. 13-C-1348, 2014 U.S. Dist. LEXIS 134528, at *3 (E.D. Wis. Sep. 24, 2014) (discussing Wis. Stat. § 971.10); *Franklin v. Bartow*, No. 09-CV-664, 2009 U.S. Dist. LEXIS 118040, at *11 (E.D. Wis. Dec. 18, 2009) (same); *see also Roth v. Lundell*, No. 05-C-148-C, 2005 U.S. Dist. LEXIS 8195, at *12 (W.D. Wis. May 4, 2005) (noting that a violation of Wis. Stat. § 971.10 would not state a claim under 42 U.S.C. § 1983). Even if Alphonse could show that his right to a speedy trial under state law had been violated, it would not entitle him to federal habeas corpus relief.

2
Case 2:21-cv-00877-WCG   Filed 10/27/21   Page 2 of 6   Document 8

However, although he does not explicitly allege it, the court construes Alphonse's due process claim as suggesting a violation of the federal constitutional right to a speedy trial. Violations of the constitutional right to a speedy trial embodied in the Sixth Amendment may merit federal habeas corpus relief under 28 U.S.C. § 2241. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Thus, a person in state custody may turn to a federal court under section 2241 to demand that the state provide him with the speedy trial he is constitutionally guaranteed. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). If a petitioner seeks dismissal of the state charges against him, at a minimum he must first exhaust his remedies in state court before turning to federal court. *Graf v. Clarke*, No. 14-C-1205, 2014 U.S. Dist. LEXIS 149218, at *3 (E.D. Wis. Oct. 20, 2014); *see also Powell v. Saddler*, No. 12 C 2928, 2012 U.S. Dist. LEXIS 126671, at *18 (N.D. Ill. Sep. 6, 2012) (noting that abstention is required if the petition seeks to enjoin state court proceedings due to a speedy trial violation, but abstention is not required "where a petitioner seeks to enforce his right to a speedy trial by having a federal court order that a trial take place"); *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright.").

Alphonse requests: "Give me whatever relief I should have for violating my 90 day speedy-trial and due process which should be a PR-bond or dismiss charges without

3

Case 2:21-cv-00877-WCG   Filed 10/27/21   Page 3 of 6   Document 8

prejudice which should be the only results for violation of remedy." (ECF No. 1 at 7.) Because there is no indication that Alphonse has exhausted his state court remedies regarding his speedy trial claim (for example, that he has attempted to present it to a state appellate court, *see United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991)), the court construes his petition as only seeking to compel the state to provide him with a speedy trial.

"[T]he right to [a] speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied." *Barker*, 407 U.S. at 521. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Id.* (quoting *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S. Ct. 573, 49 L.Ed. 950 (1905)).

Whether a defendant's right to a speedy trial was violated requires a balancing of various factors. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530. Whether a delay is presumptively prejudicial depends on the circumstances of each case. *Id.* "To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at, 531.

"Closely related to length of delay is the reason the government assigns to justify the delay." *Id.* at 531. Third, the court considers "[w]hether and how the defendant asserts his right" to a speedy trial. *Id.* "A fourth factor is prejudice to the defendant." *Id.* at 532. "The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness." *Id.*

The court has reviewed the record of the state court proceedings in accordance with Fed. R. Evid. 201(b)(2), available at https://wcca.wicourts.gov/. Alphonse was charged and appeared in state court on September 9, 2020. Alphonse is charged with first-degree intentional homicide, two counts of armed robbery, and 11 other felonies. Since filing his petition, Alphonse *was* given a trial, which began on August 9, 2021, and proceeded for four days before Alphonse moved to strike a juror. After the court granted the motion, Alphonse refused to proceed with fewer jurors. The court then granted Alphonse's request for a mistrial. Alphonse's attorney was subsequently granted leave to withdraw, and new counsel has not yet been appointed. A status conference is scheduled for November 19, 2021.

Thus, it took about 11 months for a trial to begin. This was amidst an unprecedented pandemic that upended the judicial system, requiring widespread postponements of proceedings, especially jury trials. Even without the pandemic's disruptions, this was the sort of case that could be expected to require significant preparation. His first attorney was required to withdraw after four months because of a

conflict. And, as noted, following the mistrial his current attorney has withdrawn, once again requiring the appointment of new counsel.

Against this backdrop it is easy to conclude that the delay that has resulted here is not presumptively prejudicial so as to rise to a violation of the constitutional right to due process. Because it plainly appears that Alphonse is not entitled to relief, the court will recommend that his petition be dismissed.

**IT IS THEREFORE RECOMMENDED** that Alphonse's petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it is plainly apparent that he is not entitled to relief.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 27th day of October, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge